# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### DOCKET NO. 3:00-CR-00169-FDW-5

| | |
|---|---|
| **RODDRICK BREON FOWLER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER comes now before the Court upon Petitioner's pro se Motion requesting that he continue to be represented by his court-appointed trial counsel in any post-conviction issues that may arise (Doc. No. 153). The Sixth Amendment right to counsel applies to certain post-conviction proceedings only "in some exceptional cases." U.S. v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005). Furthermore, only the Equal Protection or Due Process clauses of the United States Constitution are potential sources for such an exceptional appointment of post-conviction counsel. Id. Petitioner has not stated why he is entitled to court-appointed counsel, other than a general statement that "legal representation will be crucial." Such a statement is clearly insufficient to meet the exceptional circumstances requirement for post-conviction, court-appointed counsel. Therefore, Petitioner's request is DENIED.

IT IS SO ORDERED.

Signed: November 30, 2007

Frank D. Whitney
United States District Judge