UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-478-FDW
3:00-cr-169-FDW-5

| | |
|---|---|
| **RODDRICK BREON FOWLER,** | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 will be dismissed as untimely.

## I. BACKGROUND

On April 1, 2002, Petitioner was sentenced to 234-months imprisonment for conviction of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (3:00-cr-169, Doc. No. 169: Judgment in a Criminal Case at 2).[1] Petitioner did not file an appeal or a motion for collateral relief under Section 2255 until the present action.

On August 1, 2012, Petitioner filed this Section 2255 motion contending that based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his prior state convictions no longer qualify as felonies. Consequently, as Petitioner asserts, these prior convictions should not have been relied upon to enhance his federal sentence.

---

[1]Petitioner was already under a state sentence at the time he was sentenced in the federal case, and that state sentence of 6-months was not credited to his federal time so Petitioner was facing a total sentence of 240-months.

1

(3:12-cv-478, Doc. No. 1 at 4).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's sentence became final in 2002 and he did not file an appeal. Petitioner explains that his Section 2255 motion is timely because it was filed within one year of the date the Fourth

Circuit filed its decision in Simmons.[2] The Court finds that, because Petitioner's reliance on Simmons is misplaced, his Section 2255 motion must be dismissed as untimely. Further, the Court finds that Petitioner is not entitled to equitable tolling for the reasons stated below.[3]

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner argues that he is entitled to relief because his prior state convictions did not qualify as felonies under the reasoning in Simmons. Petitioner does not identify the previous convictions he contends were erroneously relied upon to enhance his sentence. According to his presentence report ("PSR"), Petitioner qualified as a career offender under USSG § 4B1.1 based on two prior convictions for controlled substance offenses: (1) possession with intent to sell and

---

[2]Petitioner has adequately addressed the issue of the timeliness of his Section 2255 motion. Accordingly, the Court finds that notice is not required prior to the *sua sponte* dismissal of his motion. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

[3]In order to receive the extraordinary benefit of equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). As the Court concludes below, because Petitioner has no claim at all, his motion cannot be saved by equitable tolling.

3

deliver cocaine in 1994, for which he was sentenced to a 3-year, suspended term of imprisonment. This sentence was later activated after Petitioner violated the terms of his probation; and (2) a second conviction for possession with intent to sell and deliver cocaine in 1996, for which Petitioner was sentenced to an active term of 10-12 months imprisonment. (3:00-cr-169, Doc. No. 240: PSR ¶¶ 27, 34, 43).

Petitioner appears to argue that one or more of his convictions do not qualify as a predicate conviction because he was not sentenced to more than one-year imprisonment. His 1994 cocaine conviction earned Petitioner a 3-year, suspended term of imprisonment that was later activated, thus this cannot be the conviction he addresses. The 1996 cocaine conviction provided Petitioner with a 10-12 month active term of imprisonment.

In his underlying federal judgment, Petitioner was sentenced to 234-months active imprisonment. (3:00-cr-169, Doc. No. 129 at 2). Although Petitioner was found to have attained the status of career offender and assigned a total offense level of 37, (PSR ¶ 27), Petitioner was also found to have qualified for a base offense level of 38 due to the quantity of drugs attributable to Petitioner, that is, at least 1.5 kilograms of cocaine. (Id. ¶ 21). Petitioner's prior convictions placed him in Criminal History Category VI with 26-points. So, assuming for the present inquiry only, that the three points added to his criminal history for the 1996 conviction for the sale and delivery of cocaine, and resulting 10-12 sentence, would not be counted against him; Petitioner still fails to present a successful claim for relief and therefore no grounds to support equitable tolling and therefore excuse his late filing.

First, Petitioner was not sentenced based on his status as a career offender because his drug quantity raised his base offense level to 38, while his career offender designation only

4

reached a base offense level of 37. Therefore, the 1996 conviction had no impact because, while it was counted as a qualifying predicate conviction, it had no impact on the ultimate calculation of his sentence. Second, even if you discount the three points added for the 1996 conviction, (PSR ¶ 43), Petitioner still easily clears the hurdle to attain Level VI status with 23 points as only 13 points are needed to reach this classification. See USSG ch. 5, pt. A (sentencing table).

Finally, Petitioner's sentence of 234-months was well within the maximum sentence as authorized by law. See 841(b)(1)(A) (following a conviction under Section 841(a), a defendant shall be sentenced to "not less than 10 years or more than life."). Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

Petitioner has no grounds upon which to rest his claim for relief in this Section 2255 proceeding because he was sentenced well below the maximum term of life imprisonment. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) ("As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum—as any such enhanced subsection (b)(1)(A) sentence would necessarily be.") (King, J., concurring in the judgment while dissenting from majority opinion).

## IV.    CONCLUSION

Petitioner has failed to demonstrate that his motion is timely under any of the provisions of Section 2225(f) or that he is entitled to equitable tolling. Accordingly, this Section 2255 collateral proceeding will be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner Section 2255 motion is **DISMISSED**. as untimely. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 12, 2012

Frank D. Whitney
United States District Judge